Jones, Appellant, *v.* Pittsburgh Railways Co.

Argued March 22, 1933.   Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Cyrus A. Davis,* for appellant.

*E. W. Langfitt,* with him *J. R. McNary,* for appellee.

OPINION BY MR. JUSTICE DREW, April 10, 1933:

In this action of trespass, plaintiff, nonsuited below, sought to recover damages for injuries which she received in a collision between an automobile in which she was riding as a guest and a street car of the defendant, at the intersection of Second Avenue and Grant Street, Pittsburgh. The only negligence alleged in her statement of claim was that the street car was driven past a red stop traffic light, as a result of which the accident happened.

Plaintiff and the driver of the automobile testified that they were going toward Grant Street on Second Avenue, that when they were about 50 feet from the intersection the light at Grant Street turned green for traffic on Second Avenue, and that they continued on and were crossing Grant Street, at a speed of 15 or 20 miles per hour, when the automobile ran into the side of the street car, at a point about one-third back from the front of the car. Plaintiff testified she did not see the street car at all, and the driver of the automobile said he did not see it until he was almost upon it, at which time he tried to avoid it by turning to the left. The testimony shows clearly that the driver did not look for traffic upon Grant Street, but depended entirely upon the signal, which, he claimed, gave him the right of way.

Plaintiff called two policemen, who testified that they were standing at the southwest corner of the intersection at the time of the collision. One of them said that he first noticed the street car after it had started across Second Avenue and that the light was then against it. The other stated that when the street car entered the intersection the signal for it was green and yellow, which meant it had the right to cross, and that it changed to red just after the street car had started over. The learned trial judge granted the motion for a compulsory nonsuit on the ground that plaintiff had not sustained the allegation of negligence in her statement of claim. This was correct, because there was absolutely no testi-

mony that the street car entered the intersection with the light against it. On the contrary, the testimony of one policeman was to the effect that the light favored the street car when it entered the crossing, and this was the only positive testimony on the subject in the case. The other policeman said the car had already entered the intersection when he first saw it. The driver of the automobile admitted that he did not see the street car until he was almost upon it. He did not attempt to say that the street car was not already committed to the crossing at the time the green light flashed in his favor. The fact that the light turned green when the automobile was 50 feet from the intersection and 90 feet from the point of contact does not indicate, even by inference, that the street car entered the intersection on the red light, especially in view of the fact that an offset in the right-hand curb of Second Avenue beyond Grant Street made it necessary for the street car to travel an additional 30 feet, or a total of 65 feet, within the intersection to the point of collision. Under the evidence, it is just as probable that the street car had already entered the intersection when the light turned green for the automobile as that it had not then entered the intersection. As the court below concluded, plaintiff wholly failed to establish the negligence alleged in her statement of claim. The street car could well have been within the intersection and committed to the crossing when the signal flashed green for traffic on Second Avenue. There is not a fact in the record, or reasonable inference to be derived therefrom, which indicates the contrary.

Judgment affirmed.