## Dando *v.* Brobst et al., Appellants.

Argued February 6, 1935. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

326

*Charles C. Lark,* for appellants.

*C. W. Staudenmeier,* with him *G. Harold Watkins* and *R. A. Freiler,* for appellee.

OPINION BY MR. JUSTICE DREW, March 25, 1935:

Plaintiff was injured by an automobile owned by Anna Brobst and operated by her daughter, Margaret. Separate suits were brought, against the daughter for her alleged negligence, and against the mother on the ground that the daughter was her servant. From the verdicts and judgments in plaintiff's favor, defendants have appealed.

The accident occurred while plaintiff was attempting to cross Lloyd Street, at the intersection of Main Street, in Shenandoah, Schuylkill County. According to her own uncontradicted testimony, she was walking southwardly on the western side of Main Street, and, having waited on the curb for the traffic signal to change, started across Lloyd Street when the light was green in her favor. She testified: "I took one step with my right foot down off the curb, and put my left foot out to make another one when I was struck." The right front wheel of the car ran over the instep of her left foot, and when she first began

to realize what had occurred she found herself leaning against the car between the two wheels on the right side, the car having stopped in the meantime. Plaintiff testified further that she looked both ways before starting to cross and saw no machines approaching, that she would have seen the car if it had been coming across the street, that she also looked to see whether anything was coming around the corner, and that she did not know from what direction the car came. Miss Brobst's testimony was to the effect that she was going west on Lloyd Street, that when she entered the intersection the traffic light was green in her favor, that she did not notice plaintiff until the latter came in contact with the car, and that when the car stopped plaintiff was alongside the right front fender. It appeared from other testimony that the width of Main Street was about fifty feet and that each of its sidewalks was about fifteen feet wide.

It is unnecessary to consider whether the evidence was sufficient to sustain the finding of negligence in the operation of the car, since we are of opinion that plaintiff was contributorily negligent as a matter of law. Undisputed testimony discloses that the car was approaching on Lloyd Street from the eastern side of Main Street, that plaintiff was not struck by the front of the car but that her foot was run over by its wheel, and that the accident occurred just as plaintiff was making her second step from the curb and was no more than two or three feet from it. Since the car was stopped before its rear wheel passed over her foot, it could not have been going very fast (see Wolf v. P. R. T. Co., 252 Pa. 448; Watson v. Lit Bros., 288 Pa. 175) ; and, in view of that fact and of the fact that the accident happened so soon after plaintiff left the curb, the car must have been close at hand when she stepped down. The accident occurred about one o'clock in the afternoon of a dry day, and it is not claimed that plaintiff's vision was in any way obscured. Under these circumstances, plaintiff must inevitably have seen the car if she had looked, and if she saw nothing she could

not have been looking. As we have repeatedly pointed out, it is vain for a person to say he looked when, in spite of what his eyes must have told him, he moved into the path of an approaching car or train by which he was immediately struck: Carroll v. P. R. R. Co., 12 W. N. C. 348; Marland v. R. R. Co., 123 Pa. 487; Holden v. P. R. R. Co., 169 Pa. 1; Barton v. Lehigh Val. Transit Co., 283 Pa. 577; Sinnig v. Pgh. Rys. Co., 316 Pa. 328; Schulte v. Yellow Cab Co., 104 Pa. Superior Ct. 130; Taylor v. Phila. Rural Transit Co., 111 Pa. Superior Ct. 575.

That plaintiff was under a duty to look before crossing cannot be doubted. The duty to look rests at all times upon everyone in the use of streets (Kauffman v. Nelson, 225 Pa. 174; Alexander v. Am. Express Co., 258 Pa. 378), and where one steps into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked, he is barred by his own negligence: Harris v. Commercial Ice Co., 153 Pa. 278; Weaver v. Pickering, 279 Pa. 214; Goff v. College Hill Boro., 299 Pa. 343; Halpert v. Earnshaw, 304 Pa. 95. Nor did the fact that plaintiff was given permission to cross by the traffic signal relieve her of the duty to look: Halpert v. Earnshaw, supra; Schroeder v. Pgh. Rys. Co., 311 Pa. 398. She was bound to be on her guard at least against vehicles already within the intersection when the light changed, and in fact the Brobst car may well have been in that situation. Miss Brobst's testimony that the light was green in her favor when she entered the intersection was uncontradicted except inferentially by plaintiff's testimony. The fact that the light was green in plaintiff's favor when she stepped from the curb is not of itself sufficient to show that it was against Miss Brobst when she entered the intersection (Jones v. Pgh. Rys. Co., 312 Pa. 450), and, in view of the fact that plaintiff was struck immediately after she stepped down and that the car was instantly stopped, it is altogether likely that it was within the intersection when the light changed. If such was the case, it was entitled to move out of the intersection in the direc-

tion in which it was going, and plaintiff should have been on her guard against it. In any case, however, plaintiff was under a duty to look before stepping into the street, and since the "incontrovertible physical facts" show that the car was almost upon her when she stepped from the curb and that she would certainly have seen it if she had looked, it is plain that she must have failed to look. Her own negligence therefore bars her recovery.

Plaintiff relies on Rosenthal v. Phila. Phonograph Co., 274 Pa. 236, and Villiger v. Yellow Cab Co., 309 Pa. 213, in support of her contention that the question of contributory negligence was for the jury. In the Rosenthal case, however, the pedestrian had advanced three steps from the curb and was then injured by a truck which came around the corner. Under the circumstances in that case, it was quite possible for him to have looked carefully and failed to see the truck when he left the curb, and it was clearly for the jury to decide whether he had or not. Similarly, in the Villiger case, as well as in Newman v. Protective Motor Service Co., 298 Pa. 509, the accident occurred when the pedestrian had reached a point beyond the middle of the street, and under the facts in each of those cases he might have looked and seen no danger before undertaking to cross. It need hardly be pointed out that a situation in which the danger arises after the pedestrian has committed himself to the crossing is not parallel to one in which it exists before the crossing is begun. Plainly, those cases are not similar to the present case.

The court below, without consideration of the merits, entered pro forma an order overruling defendants' motions for a new trial and for judgment n. o. v., on the ground that its rules of court were violated in that no one appeared for defendants on the day when argument on the motions was called and no brief of argument in support of the motions was filed. The rules provided that "If the party maintaining the affirmative of any issue or cause is not ready to proceed or fails or neglects to fur-

nish to the judge or judges, as the case may be, a written brief of argument, as hereinafter prescribed, at the time the case is called for, and before, argument, the rule, motion, exceptions, or other matter or thing contended for, shall be deemed abandoned or withdrawn, and an adverse order or decree must then be entered pro forma in favor of the opposing party." It is, of course, essential that orderly procedure be maintained in the conduct of litigation and that rules of court designed for that purpose be scrupulously followed. Nor have we any doubt that the rules applied in the instant case were entirely reasonable. Such rules, however, are intended solely for the purpose of governing procedure in the lower courts, and cannot be binding upon us in the consideration of an appeal. We do not approve the conduct of defendants' counsel in not moving to open the judgment and thus giving the court below an opportunity to pass upon the case on its merits. But it would be impossible for us to do justice by affirming the pro forma dismissal by the court below of defendants' motions, when a consideration of the merits shows that plaintiff is clearly not entitled to recover. The record discloses that defendants at the trial duly presented points requesting binding instructions and, after the verdicts were returned, promptly moved for judgment n. o. v. and for transcription of the evidence. They are therefore entitled, under section 1 of the Act of April 22, 1905, P. L. 286, to judgment n. o. v., if such judgment is "warranted by the evidence." Since we are of opinion that such judgment is warranted by the evidence, it must be so entered.

The judgments of the court below are reversed and judgment is here entered for defendants.