Zalec, Appellant, *v.* Heckel.

Argued October 29, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*John Duggan, Jr.,* with him *Harry Shapera,* for appellant.

*D. H. McConnell,* for appellee.

OPINION BY MR. JUSTICE MAXEY, November 25, 1940:

This is an action in trespass for personal injuries. Plaintiff averred that on March 21, 1938, while crossing Butler Street in Pittsburgh at or near the intersection with 53rd Street, from south to the north side thereof, the defendant's automobile was proceeding not under proper control along Butler Street in a westerly direction from Fifty-fourth Street and struck and injured him. At the trial plaintiff testified that the car just before it hit him was "coming very fast." The only specific testimony as to the car's speed was that of one of plaintiff's witnesses who said the automobile "was coming 30 to 35 miles an hour." Plaintiff's motion for a new trial was refused. The reason assigned for a new trial was that part of the court's charge to the jury, as follows: "This case must stand or fall on whether or not this accident occurred at or near the intersection of Butler Street and Fifty-third Street, because if it occurred in the middle of the block, then the plaintiff is out of court, because he has definitely said, through his pleadings and his testimony, that he was crossing from the southwest corner of the intersection of Fifty-third Street and Butler Street to the northwest corner, and the jury, therefore, is not permitted to find that the accident occurred in the middle of the block and yet that the defendant could have been guilty of negligence in that he did not exercise the particular degree of care he should have exercised with regard to a pedestrian crossing in the middle of the block. . . . If you find that the accident occurred any place other

than the northwest corner of the intersection of those two streets, then your verdict must be in favor of the defendant."

In its opinion refusing a new trial the court below said: "The plaintiff's right to recovery, based on the alleged negligent conduct of the defendant in the operation of his automobile, could be based only on the legal doctrine that, at the intersection of streets, a pedestrian has the superior right-of-way." The court noted also that at the end of the charge the trial judge asked counsel if they had "any suggestions as to additions, corrections or amplifications." There were none.

It is the contention of appellant that whether plaintiff sustained his injuries at the street intersection or in the middle of the block, he had a right to recover if there was evidence of negligence on the part of the defendant and plaintiff presented a case free of contributory negligence. As a legal proposition that is correct. But if the jury found that plaintiff was injured in the middle of the block, was a prima facie case against the defendant made out on this record? To hold a driver liable for the injury of a pedestrian between crossings, the pedestrian must have been on the highway long enough to be seen by a careful driver in time to avoid hitting him. See *Purdy et al., v. Hazeltine,* 321 Pa. 459 (184 A. 660), and cases cited on pages 462 of that opinion. In *Gallinano v. East Penn Electric Co.,* 303 Pa. 498, 154 A. 805, we said at page 503: "It is the duty of the driver of a street car or a motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances." A driver of an automobile is charged with knowledge that a pedestrian is more likely to cross the street at a street intersection than at the middle of the block and he must accordingly have his car under such control as to meet properly the situation

that is *there* "likely to arise." A driver is not charged with knowledge that a pedestrian is likely to cross the street near the middle of the block. When a plaintiff is injured while crossing the street away from a street intersection he does not make out a prima facie case merely by showing that he was run down by an automobile and injured. From this record it is obvious that the reason the trial judge charged the jury as he did was that plaintiff's evidence did not make out a case for the jury unless the jury found as a fact that the accident occurred at the intersection. Defendant's testimony placed the plaintiff "about in the middle of the block" when he was struck. This raised an issue of fact and the fact was a vital one, for as the court said later in its charge: "The speed at which a motorist drives his car depends upon the circumstances, and that there is no evidence in this case that if this accident occurred between blocks this defendant was warned in advance that he should have his car at a rate of speed less than twenty-five miles an hour, unless you find that the weather conditions were such that he should have been going at a lower rate of speed. So, the defendant says, first, that there was no negligence on his part, and that, while it is correct that Mr. Zalec was injured, and severely injured, it was the result either of his selecting a place to cross over Butler Street between intersections, which would make him guilty of negligence, or that this was simply an unavoidable accident—in other words, that there was an accident, that the plaintiff was hurt, but that it was no one's fault." Plaintiff testified that when he was struck he was crossing the street at Fifty-third and Butler "from the left side, the drugstore on the corner there." On cross-examination he was asked: "When you were struck weren't you somewhere between Fifty-third Street and McCandless on Butler?" He answered: "No; right on the crossing." He was asked further: "When you came to Fifty-third Street, didn't you walk about half way down to Mc-

Candless, and then you started across Butler?" A. "No; I started crossing right on the crossing, Fifty-third Street and Butler." He later repeated that he was "right on the corner" of Fifty-third Street and Butler when he was struck.

In *Fearn v. City of Philadelphia,* 320 Pa. 156, 158, 182 A. 534, in which the court below in an action of trespass entered judgment n. o. v. for defendant on the ground of contributory negligence, we said: "When a pedestrian crosses a street at an intersection, motorists must be highly vigilant and maintain sufficient control of their cars to stop at the slightest notice of danger. . . . But when a pedestrian traverses a street between intersections, since he is not crossing at a place where he is expected to be, he must exercise a higher degree of care for his safety; motorists are correspondingly held to a less degree of care: *Johnson v. French,* 291 Pa. 437, 140 A. 133. . . . This court recently announced in a 'between crossing' case that one 'who fails to look before undertaking a street crossing, *and who does not continue to look as he proceeds,* is chargeable with negligence. Such a duty is particularly incumbent on one who is traversing a street in traffic, as in this case, not an authorized crossing': *Carnevale v. McCrady Rodgers Co.,* 318 Pa. 369, 371, 178 A. 472. Plaintiff's conduct when tested by this injunction violated this salutary rule."

On the record this case presents, if plaintiff crossed the street at a point away from the intersection, he not only failed to make out a prima facie case of negligence against the defendant but he also showed that he himself was guilty of negligence. The situs of an accident may sometimes be an important circumstance by which that "want of care" which is the characteristic element of negligence is to be determined. The assignment of error based upon the cited excerpt from the trial judge's charge is overruled.

The judgment is affirmed.