Gajewski, Appellant, *v.* Lightner.

Argued March 28, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*E. V. Buckley,* of *Mercer & Buckley,* for appellant.

*Samuel G. Wagner,* with him *John D. McIntyre* and *C. P. Humer,* for appellee.

Opinion by Mr. Justice Drew, April 14, 1941:

Plaintiff, Walter Gajewski, was injured when struck by an automobile driven by defendant, Edward M. Lightner, as he was crossing Penn Avenue in the City of Pittsburgh. This action in trespass was brought to recover damages therefor, and, at the trial, a verdict in the amount of $700 was rendered in plaintiff's favor. From the action of the court en banc in refusing plaintiff's motion for a new trial and granting the motion of defendant for judgment non obstante veredicto, plaintiff took this appeal.

The circumstances of this unfortunate accident, as shown by the testimony on plaintiff's behalf, may be briefly stated as follows: During the evening of December 24, 1938, plaintiff had been playing cards with friends at the No. 2 Fire Station on the south side of Penn Avenue. About 10:00 p. m., the weather being clear and dry, plaintiff left the fire house for his home across Penn Avenue. He came out to the curb at a point not definitely located, but somewhere between Fourteenth and Fifteenth Streets in front of the Fire Station. Penn Avenue at that location is thirty-eight feet wide and is a one-way, well-lighted street with traffic traveling westwardly. One street car track is laid thereon north of the center-line. Plaintiff, before leaving his position on the southerly curb, looked to his right, and saw defendant's car moving westwardly towards him. He testified that he believed the car was about 500 or 600 feet away and that it was traveling in the street car track on the north side of the street. No cars were parked along the curb to obscure his vision, and no other traffic was observed. Despite the knowledge that defendant's automobile was approaching him at a speed which he admittedly did not then attempt to judge, plaintiff proceeded to walk at his usual gait across the street toward the north curb. When he was about midway in the street, he looked to his right the second time and saw that the car was, as he testified, only about

100 feet from him, still moving in the street car track and nearing him at a rate of speed estimated at fifty-five to sixty miles per hour. Instead of waiting at that point so that the vehicle could pass in front of him in the nineteen feet intervening on the north side of the street, plaintiff commenced to run into its path without further observation and, after taking three or four steps, he again looked up and was almost immediately struck and injured by the speeding car near the north or farthest rail of the street car track.

Under these facts, and despite the negligence of defendant, the court below properly held that plaintiff, by his own testimony, had convicted himself of contributory negligence and hence was barred from any recovery. It is well settled, as recently reiterated by this Court in *Zalec v. Heckel*, 340 Pa. 116, that a pedestrian, traversing a street not at an intersection or regular crossing, is bound to exercise a higher degree of care for his own safety than would be the case were he crossing at an intersection. The reason for the rule is apparent: he is crossing at a place where the oncoming motorist has no reason to expect him to be. That plaintiff's conduct did not meet this standard of care is obvious.

When plaintiff left the curb it was his duty to keep a diligent lookout for the approaching car and, if he did not do so, he was negligent as a matter of law. As we said in *Goldberg v. Kelly*, 340 Pa. 430, in language particularly pertinent to the facts of the present case, (p. 432) : "Knowing that traffic was approaching from the one direction in which he could expect it, and with nothing to distract his attention, it was appellant's duty to maintain observation of the approaching automobile's position. Having omitted to continue to look as he proceeded, he failed to exercise the high degree of care which this Court has repeatedly held pedestrians traversing a street between intersections must exercise for their own safety, and was therefore chargeable with negligence as a matter of law. See *Carnevale v. McCrady-*

*Rodgers Co.,* 318 Pa. 369; *Fearn v. City of Philadelphia,* 320 Pa. 156; *Danks v. Pittsburgh Rys. Co.,* 328 Pa. 356; *Zalec v. Heckel,* 340 Pa. 116." If plaintiff did maintain such observation of the approaching car, then there was no excuse for placing himself in such danger that he had to race the car to get safely across the street.

Looked at from any point of view, with all doubts resolved in plaintiff's favor, he cannot recover because of his own negligence. This is so, even if as he claims he was in an emergency situation—when he was in the center of the street and the car only 100 feet away, when he saw it the second time—because he had negligently placed himself in that position and thus created his own danger. It is futile for him to argue that, in these circumstances, an emergency situation existed and he is excused for not exercising the care of a reasonable man. That principle is never applicable if the impending peril was caused by his own antecedent negligence: *Casey v. Siciliano,* 310 Pa. 238.

Judgment affirmed.

Mr. Justice Maxey and Mr. Justice Stern dissent.