## Schweitzer et al., Appellants, *v.* Scranton Bus Company.

Submitted January 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*A. A. Vosburg* and *A. Floyd Vosburg*, of *Vosburg & Vosburg*, for appellants.

*Walter W. Harris*, of *O'Malley, Hill, Harris & Harris*, for appellee.

OPINION BY MR. JUSTICE MAXEY, March 23, 1942:

This is an appeal from the refusal of the court below to take off a compulsory non-suit. The wife plaintiff was standing on the South East corner of Washington Avenue and Linden Street, Scranton. She attempted to cross Washington Avenue while a red light "was showing south on Washington Avenue" thereupon indicating to her that there would be no North or South bound traffic on that avenue until the light changed. She looked at the Court-house clock (which would take her gaze off Washington

Avenue) and started across and was struck and injured by defendant's bus. She testified that there was no whistle blown or bell sounded before she was struck. She admitted on cross-examination that she crossed not exactly at the intersection of the two streets, but "right behind a car" which was waiting at the intersection for the green light. She estimated she was "about twenty feet from the crossing" when she was struck and she said "there were two cars where I went between". Plaintiff's witness also placed the spot where the accident happened at twenty feet from the intersection. Mrs. Schweitzer when recalled testified that she looked particularly to the South (from which direction the bus came) before she was struck and saw no bus.

The trial judge granted a compulsory non-suit and the court in banc refused to take it off and this appeal followed.

The non-suit was proper. This court said in *Dando v. Brobst et al.,* 318 Pa. 325, 328, 177 A. 831: "Where one steps into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked, he is barred by his own negligence" (citing cases). "Nor did the fact that plaintiff was given permission to cross by the traffic signal relieve her of the duty to look": *Halpert v. Earnshaw,* 304 Pa. 95, 155 A. 299. The duty to look up and down the street carefully before crossing it "is particularly incumbent on one who is traversing a street in traffic . . . not at an authorized crossing." When a pedestrian crosses a street at a place where it is not reasonable to expect that he will cross it, "he must exercise a higher degree of care for his safety": *Fearn v. Philadelphia,* 320 Pa. 156, 158, 182 A. 534.

The judgment is affirmed.