Rucheski, Appellant, *v.* Wisswesser et al.

Argued December 4, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Henry D. O'Connor,* with him *Joseph W. O'Connor,* for appellant.

*Samuel S. Herman,* with him *George L. Cogan,* for appellees.

PER CURIAM, January 6, 1947:

Joseph P. Rucheski, appellant, after observing traffic while standing on the curb of a street thirty-six feet wide, at a point sixty-two feet from an intersection, and not seeing any automobiles to his right or left, proceeded five steps without again observing traffic and was struck by an oncoming car. At the trial of an action in trespass brought by appellant against Louis E. Wisswesser and William Wisswesser, appellees, the trial judge directed a jury to return a verdict for appellees for the reason

that appellant was guilty of contributory negligence as a matter of law. Appellant's motion for a new trial was dismissed by the court en banc. This appeal followed.

On November 23, 1944, about 6:00 P.M., Joseph P. Rucheski, appellant, stood on the curb of the west side of Ridge Avenue in the City of Philadelphia, at a point sixty-two feet south of the intersection of Leverington Avenue and Ridge Avenue. He looked westwardly as far as Ripka Street, one hundred and seventy-five feet north of Leverington Avenue, at which point Ridge Avenue turned to the west. He observed that the traffic light at Leverington Avenue was red, saw no vehicles on Ridge Avenue although he looked in both directions and twice to the north, made no further observation of traffic, but proceeded four or five steps into Ridge Avenue, when he was hit by a car proceeding south on Ridge Avenue. He "never saw the car" which struck him and could not tell where he was at the moment of impact. Appellant was a paralytic since birth and walked with a slight limp and used a cane to assist him. He sustained a fracture of his good leg and other damages for which he instituted this action.

"It is settled that a pedestrian crossing a street must not only look before he enters but must continue to look as he proceeds and that he will not be heard to say that he looked without seeing what was approaching and plainly visible": *Guy v. Lane,* 345 Pa. 40, 43, 26 A. 2d 327, 328. See *Morris v. Harmony Short Line Motor Transportation Co.,* 348 Pa. 117, 34 A. 2d 534. A pedestrian intending to traverse a street has a duty to maintain a diligent lookout for approaching cars. If he fails to do so, he is guilty of contributory negligence as a matter of law: *Gajewski v. Lightner,* 341 Pa. 514, 516, 19 A. 2d 355, 356. Where the pedestrian traverses a street between intersections, the law requires that he exercise a higher degree of care for his own safety: *Schweitzer v. Scranton Bus Co.,* 344 Pa. 249, 250, 25 A. 2d 156, 157; *Zalec v. Heckel,* 340 Pa. 116, 16 A. 2d 382; *Fearn v. City of Philadelphia,* 320 Pa. 156, 158, 182 A. 534, 536;

*Carnevale v. McCrady-Rodgers Co.,* 318 Pa. 369, 371, 178 A. 472.

Appellant did not observe traffic after he stepped from the curb and began to cross Ridge Avenue. His admitted failure to exercise due care for his own safety required the trial judge to direct the jury to return a verdict for appellees.

Judgment affirmed.