About 9:30 p.m. in early April, the plaintiff, with his dog, emerged from a taproom on East Girard Avenue in Philadelphia. He put the dog on a leash and walked along the north sidewalk of Girard Avenue toward Berks Street. In that locality Girard Avenue is a very wide street and has a double set of street car tracks upon it. On reaching Berks Street, the plaintiff looked east and west on Girard Avenue, saw nothing coming and started to cross the avenue. When he had proceeded out into the cartway a distance of fifteen to twenty feet from the curb, he thought the dog's leash was becoming unfastened and stooped down to fasten it. While in that position, he heard a screech, was struck by something (which later proved to be the defendant's automobile) and that was all he knew, having then lost *Page 595 
consciousness. The plaintiff's one additional witness to the fact of the accident testified that he saw the plaintiff crossing Girard Avenue and saw him "stoop down to fix his dog's collar or something"; that the witness then turned his head to look in another direction, heard a crash and turned and saw the plaintiff being pushed knocked forward by an automobile. The evidence further showed that the automobile had stopped almost instantly upon striking the plaintiff. There was no testimony as to where it had come from, or its speed or the lack of care, if any, with which it was being driven at the time of the accident. The defendant offered no evidence but submitted a point for binding instructions which the learned trial judge overruled. The jury returned a verdict for the plaintiff; the defendant moved for judgment n. o. v. which the court later granted; and the plaintiff appealed.
As is apparent from the foregoing recital, there is no evidence to support a jury's finding that the plaintiff's injury was due to negligence of the defendant. All that the plaintiff showed was the happening of the accident. Furthermore, according to his own testimony, after he had walked fifteen to twenty feet into the street, he abruptly stopped there in the cartway, stooped over to fasten his dog's leash and, while in that position, was immediately struck by the automobile. Such conduct was a plain violation of the plaintiff's legal duty in the circumstances. The applicable rule was succinctly stated for this court by Mr. Justice LINN in Guy v. Lane, 345 Pa. 40, 43, 26 A.2d 327, as follows: "It is settled that a pedestrian crossing a street must not only look before he enters but must continue to look as he proceeds and that he will not be heard to say that he looked without seeingwhat was approaching and plainly visible: [citing cases] (Emphasis supplied). See also Rucheski v. Wisswesser, 355 Pa. 400,401, 50 A.2d 291; and Pessolano v. PhiladelphiaTransportation Co., 349 Pa. 73, 75, *Page 596 36 A.2d 497, where the foregoing statement, from Guy v. Lane was quoted with approval. The plaintiff's failure in the premises, appearing as it did in his case, constituted contributory negligence as a matter of law. "A pedestrian intending to traverse a street has a duty to maintain a diligent lookout for approaching cars. If he fails to do so, he is guilty of contributory negligence as a matter of law: Gajewski v.Lighther, 341 Pa. 514, 516, 19 A.2d 355, 356": Rucheski v.Wisswesser, supra. See also Restatement, Torts, Section 463.
Judgment affirmed.