Dwyer, Appellant, *v.* Kellerman.

594

Argued November 15, 1949. Before MAXEY, C. J.,
DREW, LINN, STERN, STEARNE and JONES, JJ.

 

*Oscar S. Bortner,* with him *Maximillian J. Klinger,*
for appellant.

*George H. Detweiler,* with him *Robert A. Detweiler,*
for appellee.

OPINION BY MR. JUSTICE JONES, January 3, 1950:

About 9:30 p.m. in early April, the plaintiff, with
his dog, emerged from a taproom on East Girard Avenue
in Philadelphia. He put the dog on a leash and walked
along the north sidewalk of Girard Avenue toward
Berks Street. In that locality Girard Avenue is a very
wide street and has a double set of street car tracks
upon it. On reaching Berks Street, the plaintiff looked
east and west on Girard Avenue, saw nothing coming
and started to cross the avenue. When he had proceeded
out into the cartway a distance of fifteen to twenty feet
from the curb, he thought the dog's leash was becoming
unfastened and stooped down to fasten it. While in
that position, he heard a screech, was struck by some-
thing (which later proved to be the defendant's auto-
mobile) and that was all he knew, having then lost

consciousness. The plaintiff's one additional witness to the fact of the accident testified that he saw the plaintiff crossing Girard Avenue and saw him "stoop down to fix his dog's collar or something"; that the witness then turned his head to look in another direction, heard a crash and turned and saw the plaintiff being pushed or knocked forward by an automobile. The evidence further showed that the automobile had stopped almost instantly upon striking the plaintiff. There was no testimony as to where it had come from, or its speed or the lack of care, if any, with which it was being driven at the time of the accident. The defendant offered no evidence but submitted a point for binding instructions which the learned trial judge overruled. The jury returned a verdict for the plaintiff; the defendant moved for judgment n. o. v. which the court later granted; and the plaintiff appealed.

As is apparent from the foregoing recital, there is no evidence to support a jury's finding that the plaintiff's injury was due to negligence of the defendant. All that the plaintiff showed was the happening of the accident. Furthermore, according to his own testimony, after he had walked fifteen to twenty feet into the street, he abruptly stopped there in the cartway, stooped over to fasten his dog's leash and, while in that position, was immediately struck by the automobile. Such conduct was a plain violation of the plaintiff's legal duty in the circumstances. The applicable rule was succinctly stated for this court by Mr. Justice LINN in *Guy v. Lane,* 345 Pa. 40, 43, 26 A. 2d 327, as follows: "It is settled that a pedestrian crossing a street must not only look before he enters but must continue to look as he proceeds and that *he will not be heard to say that he looked without seeing what was approaching and plainly visible:* [citing cases] (Emphasis supplied). See also *Rucheski v. Wisswesser,* 355 Pa. 400, 401, 50 A. 2d 291; and *Pessolano v. Philadelphia Transportation Co.,* 349 Pa. 73, 75, 36 A. 2d

497, where the foregoing statement from *Guy v. Lane* was quoted with approval. The plaintiff's failure in the premises, appearing as it did in his case, constituted contributory negligence as a matter of law. "A pedestrian intending to traverse a street has a duty to maintain a diligent lookout for approaching cars. If he fails to do so, he is guilty of contributory negligence as a matter of law: *Gajewski v. Lightner,* 341 Pa. 514, 516, 19 A. 2d 355, 356": *Rucheski v. Wisswesser,* supra. See also Restatement, Torts, Section 463.

Judgment affirmed.