Grgona, Appellant, *v.* Rushton.

Argued October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Arnold M. Snyder,* for appellant.

No argument was made nor brief submitted for appellees.

OPINION BY ROSS, J., December 29, 1953:

This is an action of trespass brought by Samuel Grgona against Gertrude D. Rushton and Robert C. Rushton, her husband, to recover damages for personal injuries sustained when struck by an automobile owned by the husband and driven by the wife. At the trial a nonsuit was entered in favor of the husband but the case against the wife (hereinafter referred to as defendant) was submitted to the jury, which returned a verdict for the plaintiff, Grgona, in the sum of $1,050. The court below granted the defendant's motion for judgment n.o.v. and entered judgment in her favor on the ground that the plaintiff was contributorily negligent as a matter of law, and the plaintiff has appealed to this Court.

The accident which gave rise to plaintiff's claim occurred about 10:30 p.m. on August 21, 1950, a "very dark night", at a T-intersection. At the place where plaintiff was struck, Medbury Road enters Chester Road, which runs generally east and west, from the north. To the east of the intersection a three-lane highway 30 feet wide curves south "quite sharply" and on the curve there are "quite a few poles" and a "lot of bushes" on the sides of the road. There is a bus stop for busses traveling east on Chester Road on the south side of said road at a point approximately opposite the center line of Medbury Road. The plaintiff alighted from a bus traveling east on Chester Road and after the bus left attempted to walk from the south side of Chester Road at a point some 10 or 12 feet west of the bus stop, "straight across" to the north side of the highway. He had traversed the eastbound and center

traffic lanes and was in the westbound lane of traffic —"about three quarters of the way across" Chester Road—when he was struck by the car driven by the defendant, traveling west at a speed of 60 to 65 miles an hour.

The plaintiff testified that after he got off the bus he looked both ways to see if there was any traffic and "I didn't see anything on either side, and I started on my way to go home. And the next thing you know, after 14 days I find myself in the hospital." He could not say where on the highway he was struck nor could he say whether he looked again for traffic. Plaintiff's daughter saw the accident. She testified: "I saw the bus leave, I saw my father standing there. After the bus had gone, I saw him turn his head, there was nothing coming that I observed. He started across the highway. When he was about three quarters of the way, he still kept looking, but as he turned his head toward Chester this car came from Swarthmore, and before I knew it it happened. It happened very fast." The witness testified further that from the point at which her father started to cross the highway it is possible to see only "30, 40 feet" to the east because the "curve is too sharp". Defendant testified that she did not see plaintiff until just before she struck him because "before that my lights were like, as you are going around on an angle, my lights were on the house", which was on the north side of Chester Road.

The court below, in holding the plaintiff contributorily negligent as a matter of law, relied upon certain cases which we believe are factually dissimilar from the one before us. In *Borits v. Tarapchak*, 338 Pa. 289, 12 A. 2d 910, where plaintiff crossed the street "with his head down", and in *Dwyer v. Kellerman*, 363 Pa. 593, 70 A. 2d 313, where plaintiff stooped to ex-

amine a dog's leash, it is, of course, apparent that the plaintiff acted in disregard of his own safety. In *Guy v. Lane,* 345 Pa. 40, 26 A. 2d 327, and in *Rucheski v. Wisswesser,* 355 Pa. 400, 50 A. 2d 291, the view of the respective plaintiffs was unobstructed and each failed to see what must have been in plain sight.. In *Gajewski v. Lightner,* 341 Pa. 514, 19 A. 2d 355, and *Pessolano v. P. T. C.,* 349 Pa. 73, 36 A. 2d 497, the plaintiffs left places of safety after becoming aware of the danger involved in going forward. Here the plaintiff looked in both directions before he started across Chester Road. Once on the road he walked "fast" and continued to look. His failure to see the defendant's automobile is explained by the circumstance that it rounded a sharp curve at high speed. The lights of the car, which the court below felt should have warned plaintiff of its approach in time for him to avoid being struck, were not, according to defendant's own testimony, on the road until she was within a very short distance of plaintiff.

In *Shonk v. Dungan,* 369 Pa. 220, 85 A. 2d 168, the question of plaintiff's contributory negligence was held for the jury. There plaintiff was struck by defendant's automobile as she crossed an 84-foot highway. Before stepping into the street, plaintiff looked into both directions and there was no approaching traffic. She also looked to the right and left when she reached the "middle" of the road and seeing no traffic, she continued crossing. When approximately three quarters of the way across the street she was suddenly blinded by the lights of defendant's car, which had just then been turned on her and she was immediately struck by the car. We think that the plaintiff in this case, like the plaintiff in the *Shonk* case, "did all that the law requires of a reasonable prudent person under the circumstances".

Furthermore, since the plaintiff testified that he remembered nothing from the time he stepped onto Chester Road on August 21, 1950 until he regained consciousness in a hospital some 14 days later, he was entitled to the presumption that he did all the law required him to do and was not contributorily negligent. *Heaps v. Southern Pa. Traction Co.*, 276 Pa. 551, 120 A. 548. Such presumption "is overcome, so as to render the question of contributory negligence a matter of law, only where undisputed testimony and the inferences drawn from it point to only one conclusion. *Schmidt v. P. & R. Ry. Co.*, 244 Pa. 205, 90 A. 569." *Olson v. Swain*, 163 Pa. Superior Ct. 101, 103, 60 A. 2d 548, 550. Here there is no evidence to rebut the presumption.

Since it is only in clear cases that contributory negligence may be declared as a matter of law (*Garvin v. Pittsburgh*, 161 Pa. Superior Ct. 140, 53 A. 2d 906), it is our opinion that the question of the plaintiff's contributory negligence was for the jury.

Judgment reversed and here entered on the verdict in favor of the plaintiff.