Yurkonis, Appellant, *v.* Dougherty.

Argued April 27, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Henry Houck,* with him *W. J. Krencewicz,* for appellant.

*J. W. P. Burke,* with him *P. H. Burke* and *Burke & Burke,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, June 27, 1955:

Plaintiff appeals from the refusal of her motion for new trial in this action of trespass. The action was brought to recover damages for injuries and death of decedent, who was fatally injured as a result of being struck by an automobile operated by defendant. The case was submitted to the jury, which found both defendant and decedent negligent.

To overcome defendant's testimony as to contributory negligence, plaintiff relied upon circumstances and inferences, as well as upon the presumption that the decedent used due care.

Plaintiff alleges several trial errors, all of which relate to the charge of the court.

The accident occurred at approximately midnight on July 1, 1950, on Lehigh Avenue, a macadam street some 55 feet in width, in the borough of Frackville. As defendant approached a point approximately 150 feet from decedent, he saw decedent in the middle of the street, between intersections, in the act of crossing

from defendant's left to his right. Defendant testified that he was travelling about 30 to 35 miles per hour; that decedent was standing as if to await defendant's passing; that decedent looked at him when defendant was about 25 to 50 feet away; that when he was 7 to 10 feet away, decedent "darted out in front" of him, was struck by the right front of the car (fender and hood) and rolled off to within 3 feet of the curb to defendant's right. He testified: "He darted out in front of me, or walked out, whatever you want to call it, but he didn't leave the middle of the highway until I got between five and seven feet away from him." He also testified that he had not sounded his horn, but that he had reduced his speed upon seeing decedent, and had also swerved to his left to try to avoid him, there being cars parked on his right at the curb. In addition, he produced photographs of the scene, and presented oral testimony consisting of the "judgment" of witnesses as to distances involved.

Plaintiff's testimony was to the effect that defendant had admitted a speed of 45 to 50 miles per hour, and that he had done some drinking just prior to the occurrence; that there were no cars parked at or near the place of accident. A witness for plaintiff, who lived across the street from where the accident occurred, testified that the crash sounded as though two cars had collided; that he immediately ran out and saw the decedent's body at the curb and defendant's automobile also at the curb about 10 to 15 feet in front of decedent; and that there were no cars parked on the street.

Plaintiff contends that the court inadequately charged as to contributory negligence. We said in *Kindt v. Reading Co.*, 352 Pa. 419, 43 A. 2d 145: "The charge of a trial judge not only should lay down correct principles of law for the jury's guidance and in

plain language try to make these principles under-standable to a jury, but it should also be helpful to a jury by explaining to it (sometimes by way of illustration) how it should proceed to appraise properly the testimony of witnesses." Except for the errors into which the court fell in affirming certain of defendant's points, the charge satisfied this rule, and the complaints of inadequacy are not otherwise well founded.

But the court was in error in affirming defendant's point which reads as follows: "If, from all of the testimony, you find that Clarence Yurkonis [the decedent] *was negligent in not crossing Lehigh Avenue at a regular intersection,* then your verdict must be for the defendant, . . . if such negligence caused or contributed to the happening of the accident." (Italics supplied). This, of course, came near the end of the charge, and was specifically excepted to.

Having died as a result of the accident, a presumption arose that decedent had taken all necessary precautions for his own safety: *Atkinson, Admrx. v. Coskey,* 354 Pa. 297, 307, 47 A. 2d 156. Crossing at other than a regular intersection did not overcome the presumption: *DiGregorio, Admr. v. Skinner,* 351 Pa. 441, 444, 41 A. 2d 649. One crossing at other than regular intersections is charged with a higher degree of care (*Rucheski v. Wisswesser,* 355 Pa. 400, 401, 50 A. 2d 291), but it is not in itself negligence to do so: *Elbell v. Smith,* 357 Pa. 490, 493, 55 A. 2d 321. The point given to the jury could well have been taken by it to mean that the jury could find decedent was negligent per se in "not crossing . . . at a regular intersection," and in such case was bound to find for defendant. That it could have led the jury to conclude that decedent was contributorily negligent, where it otherwise would not have so found, cannot be doubted. The court did not "in plain language try to make these

principles understandable to a jury"; and there being no amplification or qualification, it was inaccurate and prejudicial.

The court also erred in affirming defendant's points for charge which directed that the jury *"must find"* (1) that if decedent had crossed at the intersection "he would have had a clear view of more than five hundred feet to the South," (2) that at the point "where the accident occurred the decedent's clear view to the south was limited to 160 feet," and (3) that "from where the decedent *stood* on Lehigh Avenue *he saw or should have seen"* defendant's automobile as it reached the intersection. It is to be noted that all matters rested on oral testimony, and distances given by defendant's witnesses were opinion only. Proof may be clear and uncontradicted, but if it depends on oral testimony it is for the jury to decide. The credibility of witnesses was for the jury, and even though uncontradicted in some respects, it was not under a duty to accept the oral testimony. "Although direct evidence contradicting the testimony of witnesses may be lacking, the jury are not bound to accept it as true where it contains inherent improbabilities which, alone or in connection with other circumstances in evidence, furnish a reasonable ground for concluding that the testimony is not true": *Aaron v. Strausser,* 360 Pa. 82, 85, 59 A. 2d 910.

Further, the last point assumed a matter clearly in controversy,—whether decedent was "crossing" or was "standing" in the street when first observed by defendant; and if the jury believed he was in the act of crossing, it was for it to decide whether under the circumstances the decedent reasonably could have concluded that he could safely proceed. It is the function of the jury, and not of the court, to draw inferences from

the facts: *Kindt v. Reading Co.*, 352 Pa. 419, 427, 43 A. 2d 145.

Judgment reversed and a new trial ordered.