## Auel, Appellant, *v.* White.

209

Argued March 25, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*William J. Krzton,* with him *W. James Aiken,* for appellant.

*Bruce R. Martin,* with him *Pringle, Bredin & Martin,* for appellee.

Opinion by Mr. Justice Chidsey, May 27, 1957:

This is an appeal from an order refusing to take off a nonsuit entered in an action of trespass for personal injuries sustained by a pedestrian when struck by defendant's automobile. The defendant's motion for compulsory nonsuit was predicated both upon the failure to prove negligence and upon plaintiff's contributory negligence. The court en banc based its decision solely on the ground that there was no evidence of negligence. We agree with the action taken by the court below, but we do so for a different reason.

Viewing the evidence adduced on behalf of plaintiff as true; reading it in the light most favorable to him; giving him the benefit of every reasonable inference that a jury might derive from the evidence and resolving all doubts, if any, in his favor as we are required to do in considering the entry of a compulsory nonsuit,[1] the following facts may be taken as established. On July 3, 1952, at about 9 p.m., the plaintiff, 60 years of age, was walking across Brownsville Road, in the Borough of Brentwood, Allegheny County, from the south to the north side of the street. Brownsville Road is a four-lane thoroughfare running in an east-west direction and is approximately 45 feet wide from curb to curb. After the plaintiff had traversed the roadway on the south side of the street and crossed the center line thereof he was struck approximately two feet north of the line by defendant's car at a point between the left front bumper and fender, and thrown a distance of approximately four feet. Immediately prior to the time of impact the defendant was traveling westerly at a slow rate of speed just to the right of the center line;

---

[1] *Malone, Executor v. Marano*, 326 Pa. 316, 318; *Kimble v. Wilson et al.*, 352 Pa. 275; *Kallman v. Triangle Hotel Co. of Pennsylvania et al.*, 357 Pa. 39, 42; *Szukics v. Ruch*, 367 Pa. 646.

the curb lane at the time being occupied by parked vehicles. There was a street light burning overhead at the point where the accident occurred and directly opposite, on the south side of the road, there was a well lighted dairy plant.

By reason of the injuries inflicted the plaintiff was rendered mentally incompetent. At the time of trial there was testimony that since the date of the accident plaintiff had no conception of his surrounding circumstances, was not able to transact business of any kind and did not appreciate the fact that he was involved in litigation. After interrogation the court was satisfied of his incompetency and appointed a guardian ad litem. Inasmuch as the defendant was the only eye witness to the actual happening of the accident the plaintiff called him as for cross-examination and, consequently, most of the facts as outlined above were testified to by the defendant. There was also testimony by the plaintiff's sister and brother-in-law who had visited the scene a short time after the accident that defendant showed them the dent in his left front fender and stated that "I didn't see that man until I hit him." In addition to the foregoing facts defendant testified that there were cars parked on both sides of the street and that a car travelling in the opposite direction passed him seconds before the collision. A police officer summoned to the scene of the accident testified that he didn't observe any cars on the south side of the road, but that if there were any, there would only be room for one or two opposite the point where the accident happened because of a large driveway in front of the dairy.

It was the plaintiff's contention in the court below and in this Court that since the plaintiff had traversed 24-½ feet of the width of the street to the point of collision, defendant should have seen him, and the

latter's admission that he did not see the plaintiff until he was on top of him shows that the defendant failed in his duty to maintain a proper lookout ahead. In support of his contention plaintiff relied principally upon the case of *Atkinson, Admrx. v. Coskey et al.*, 354 Pa. 297, 47 A. 2d 156, wherein it was held that the failure of a driver approaching an intersection to see a pedestrian who is in plain view and who traverses more than half of a roadway before being struck is evidence of inattention upon which a finding of negligence may properly be based. The court below distinguished the cited case from the instant case on the ground that in the *Atkinson* case the driver had sufficient visibility and time to observe the pedestrian, whereas, here there were parked cars in both curb lanes of the street and that a car travelling in the opposite direction had passed the defendant seconds before the collision. We do not think that this constitutes a real distinction between the two cases. In the *Atkinson* case the roadway was only 27 feet wide and, therefore, the plaintiff who was struck an undetermined distance beyond the middle line was in plain view while travelling only 13-½ feet whereas, under the facts and circumstances here presented, conceding the existence of parked cars, two at most, having an average width of seven feet, plaintiff traversed in open view at least 17-½ feet of the roadway. It is true that in the *Atkinson* case there was no other traffic in sight. Nevertheless, the defendant in the present case at no point in his testimony stated that the oncoming car temporarily blinded or in any way impeded his vision. Nor does he account for his failure to observe the plaintiff prior to the time the other vehicle passed him. Under these circumstances we cannot agree with the court's conclusion that the evidence indicates quite strongly that the defendant's view of plaintiff was blocked or obscured. What the

court below mistakenly did was to consider the inferences to be drawn from defendant's testimony in defendant's favor. While the conditions referred to by the defendant might possibly have accounted for his failure to see the plaintiff, the jury could just as reasonably, if not more reasonably, have inferred from the evidence that plaintiff traversed the 24-½ feet of the south side of the roadway some time prior to the passage of the oncoming vehicle. But in any event since all doubts must be resolved in plaintiff's favor, we think it was the jury's function to determine whether the plaintiff was observable a sufficient length of time for the defendant to have avoided hitting him had he been duly attentive: *Kindt v. Reading Company,* 352 Pa. 419, 426, 427, 43 A. 2d 145; *Yurkonis v. Dougherty,* 382 Pa. 387, 391, 392, 115 A. 2d 193.

However, even if the jury could find from the evidence that the defendant was at fault in failing to observe the plaintiff the same evidence renders more manifest plaintiff's default in failing to see the defendant's approaching vehicle. It is well established that where a pedestrian traverses a street at other than a regular crossing he is bound to exercise a higher degree of care for his own safety than would be the case were he crossing at an intersection: *Harris v. DeFelice,* 379 Pa. 469, 475, 109 A. 2d 174; *Rucheski v. Wisswesser et al.,* 355 Pa. 400, 50 A. 2d 291. The reason for the rule is apparent for he is crossing at a place where vehicular traffic could not be expected to anticipate a pedestrian: *Schweitzer et al. v. Scranton Bus Company,* 344 Pa. 249, 25 A. 2d 156. It is equally well settled that it is the duty of a pedestrian to look before he undertakes a street crossing and to continue to look as he proceeds and such duty is particularly incumbent upon one who traverses a street between intersections: *Aaron v. Strausser,* 360 Pa. 82, 59 A. 2d 910. Since

the plaintiff herein was unable, due to his failure of memory, to give his version of the accident, the same presumption of due care which arises upon the death of a party was applicable. Where a plaintiff's mind is a blank as to an accident and all its incidents, the presumption is that he did all that the law required him to do and was not guilty of contributory negligence: *Heaps et al. v. Southern Pennsylvania Traction Co.*, 276 Pa. 551, 553, 120 A. 548; *Grgona v. Rushton*, 174 Pa. Superior Ct. 417, 101 A. 2d 768. The presumption, however, is a rebuttable one and must give way when the facts as established by plaintiff's evidence show that he was guilty of contributory negligence: *Hogg, Admr. v. Bessemer & Lake Erie Railroad Company*, 373 Pa. 632, 638, 96 A. 2d 879; *Rank v. Metropolitan Edison Company*, 370 Pa. 107, 115, 87 A. 2d 198. Here there was testimony by the police officer that defendant made a statement immediately after the accident ". . . that he was going out Brownsville Road driving slow and he . . . did not see the [plaintiff] until the man stepped over the white line into the path of his car.". The defendant, when asked by plaintiff's attorney for the position of plaintiff when struck, responded, "I first observed the plaintiff as he stepped across the line, the center of the street, and before I could stop my car I hit him.". To a question regarding the part of the car which struck plaintiff, defendant replied, "The left front. The left front I would say between the bumper guard as the bumper guard goes around. *He stepped right into that portion of the car right behind the bumper and in front of the left fender.*". (Emphasis supplied).

In appellant's history of the case and in the brief of his counsel it is stated that ". . . the plaintiff was struck within two (2) feet north of the middle of the forty-five (45) foot road" and "Just as he [plaintiff]

crossed the center line of the road, he was hit by the defendant who was operating his automobile in a westerly direction just to the right of the center line of Brownsville Road . . .". Inasmuch as the defendant's testimony was offered in plaintiff's own case and was uncontradicted, plaintiff was bound by it. Where a party calls a person adversely interested as for cross-examination, he is bound by the testimony if uncontradicted: *Karcesky v. Laria*, 382 Pa. 227, 230, 114 A. 2d 150; *Bender et ux. v. Welsh et al.*, 344 Pa. 392, 397, 25 A. 2d 182. We are not here concerned with exceptions to this rule, as where the testimony of the defendant is essentially incredible. Since the undisputed testimony for plaintiff disclosed that he was struck just as he crossed the center line he must have, or at least should have seen defendant's vehicle approaching. There was nothing to show that plaintiff's view was in any way obscured, and, therefore, he was bound to see that which must have been plainly visible at the time it became his duty to look. The inference is unavoidable that if plaintiff had looked he could have averted the danger. No other reasonable conclusion can be drawn from the testimony presented in plaintiff's case. If he failed to look he was negligent and if he looked he must have seen defendant's moving vehicle and in stepping in front of it or into it was equally negligent. What was said in *Dando v. Brobst*, 318 Pa. 325, 327, 177 A. 831, is apposite here: ". . . plaintiff must inevitably have seen the car if she had looked, and if she saw nothing she could not have been looking. As we have repeatedly pointed out, it is vain for a person to say he looked when, in spite of what his eyes must have told him, he moved into the path of an approaching car or train by which he was immediately struck.". See also *Weldon, Admrx. v. Pittsburgh Railways Company et al.*, 352 Pa. 103, 105, 41 A. 2d 856; *Rucheski v. Wisswesser et*

*al.,* supra; *Gajewski v. Lightner,* 341 Pa. 514, 516, 517, 19 A. 2d 355. Cf. *Jursic v. Pittsburgh & Lake Erie Railroad Company,* 376 Pa. 142, 150, 151, 102 A. 2d 150.

Since the plaintiff's evidence clearly revealed contributory negligence, the judgment of compulsory nonsuit was properly entered.

Order and judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The rationalization in the Majority Opinion leads irresistibly to the conclusion that a jury could find the defendant negligent and the plaintiff free of contributory negligence. The conclusion, however, refused to take the step which would remove the nonsuit entered in the Court below. I would take that step. As we said in the case of *Nugent v. Joerger,* 387 Pa. 330, 332: "Whether, and to what extent, a pedestrian and an automobilist obey the rules which, in a double adherence, would skirt every danger and avert collision, is a question of fact for the jury to decide."