# Kelly v. Henry Bower Chemical Manufacturing Co., Appellant.

*Negligence—Master and servant—Vice principal—Act of superintendence—Safe place to work—Act of June 10, 1907, P. L. 523.*

1. In an action by an employee against his employer, a chemical company, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence shows that a leak had developed in a coil of steam pipe which ran around the bottom of a vat for the purpose of heating its contents; that the plaintiff was working under a foreman for the defendant, who was endeavoring to locate this leak; and that while the plaintiff was bending over in the act of filling his shovel, near an opening in one of the pipes, the foreman turned on the steam, thereby causing a part of the chemical solution from the vat to be blown upon the plaintiff and to injure him.

2. In such a case the foreman was engaged in an act of superintendence within the meaning of the Act of June 10, 1907, P. L. 523, inasmuch as he was engaged in performing one of the primary obligations of his employer which was to see that the employees were afforded a reasonably safe place to work.

Argued Jan. 14, 1913. Appeal, No. 248, Jan. T., 1912, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1909, No. 541, on verdict for plaintiff in case of Thomas Kelly v. Henry Bower Chemical Manufacturing Company. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MAGILL, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned,* inter alia, was in refusing binding instructions for defendant.

*Francis B. Bracken,* of *Loughlin & Bracken,* for appellant.—The alleged negligent act of Michael Kelly, foreman, which caused the injury to plaintiff, was not an act of superintendence, and therefore the Act of June 10th, 1907 (P. L. 523), does not apply: Feeney v. Abelson, 49 Pa. Superior Ct. 163; Miller v. American Bridge Co., 216 Pa. 559; Calhoun v. Holland Laundry, 220 Pa. 281; Coleman v. Keenan, 223 Pa. 29; King v. McClure Co., 222 Pa. 625; Quinlan v. Steel Co., 107 N. Y. App. Div. 176 (94 N. Y. Supp. 942); Brittain v. West End Street Ry. Co., 168 Mass. 10 (46 N. E. Repr. 111); Riou v. Rockport Granite Co., 171 Mass. 162 (50 N. E. Repr. 525).

*J. Morris Yeakle,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 17, 1913:

The plaintiff, a laborer in the chemical manufacturing establishment of the defendant company, was injured on September 4, 1909. A leak had developed in a coil of steam-pipe which ran around the bottom of a vat for the purpose of heating its contents; the plaintiff was working under one Michael Kelly, a foreman for the defendant, who was endeavoring to locate this leak; while the former was bending over in the act of filling his shovel, near an opening in one of the pipes, the latter turned on the steam, thereby causing a part of the chemical solution from the vat to be blown upon the plaintiff and to injure him.

Section 1 of the Act of June 10, 1907, P. L. 523, provides: "In all actions brought to recover from an employer for injuries suffered by his employee, the negligence of the fellow-servant of the employee shall not be a defense, where the injury was caused or contributed to by any of the following causes: Namely,......the neglect of any person engaged as superintendent, manager, foreman, or any other person in charge or control of the work, plant or machinery; the negligence of any person in charge of, or directing the particular work in which the employee was engaged at the time of the injury or death." The defendant does not contend that under the act Michael Kelly was not a vice-principal if at the time of the accident he was performing duties as its foreman, but claims that the facts failed to justify a finding that he was executing an "act of superintendence" when he turned on the steam which caused the injury to the plaintiff. On the evidence depended upon by the plaintiff it is clear that at the time in question the defendant's foreman was engaged in fulfilling a duty which his principal was obligated to perform. One of the primary obligations of an employer is to see that his employees are afforded a reasonably safe place to work. In this case there was a leak in a steam coil used to heat dan-

gerous chemical solutions, and in order to protect the plant and insure the safety of all concerned it was the defendant's duty to locate the leak; this the foreman was endeavoring to do when he was directing the movements of the plaintiff and when he turned on the steam which caused the injury to the latter, and under the law his principal is liable for the damages which ensued from the negligent performance of this duty.

The issues were carefully submitted to the jury and the defendant was given every reasonable protection by the trial judge in his review of the testimony; we are not convinced of reversible error in any of the matters called to our attention by the several assignments, all of which are overruled. The judgment is affirmed.