## Holz *v.* H. J. Heinz Company, Appellant.

*Negligence—Master and servant—Defective machinery—Vice principal —Act of June 10, 1907, P. L. 523.*

1. In an action by an employee against his employer to recover damages for personal injuries the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the defendant maintained and operated a can making

department as a branch of its business; that at the time of the accident a machine in this department became clogged; that the foreman was summoned to inspect the machine, and in making the inspection directed plaintiff to move with his hands two levers which were a part of the machine; and that while the plaintiff was doing so the foreman inadvertently and negligently placed his foot on the treadle with the result that the machine was started and plaintiff was injured.

2. In such a case the evidence was sufficient to justify a finding that the foreman was executing an "act of superintendence" when he gave his order to the plaintiff.

Argued April 29, 1913. Appeal, No. 150, April T., 1913, by defendant, from judgment of C. P. Allegheny Co., Aug. T., 1910, No. 121, on verdict for plaintiff in case of Bernhard G. Holz v. H. J. Heinz Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $548.21. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*George M. Harton,* with him *John L. High,* for appellant, cited: Ricks v. Flynn, 196 Pa. 263; Miller v. Bridge Co., 216 Pa. 559; King v. McClure, 222 Pa. 625; McGrath v. Thompson, 231 Pa. 631; Feeney v. Abelson, 49 Pa. Superior Ct. 163; Ready v. Smith, etc., Machine Co., 51 Pa. Superior Ct. 294.

*Meredith R. Marshall,* with him *John M. Prescott, Jr.,* for appellee.—The case at bar is ruled by the following cases: Rauhauser v. York Mfg. Co., 50 Pa. Superior Ct. 506; Sterner v. Morgan Smith Co., 233 Pa. 27; Klicke v. Steel Co., 200 Fed. Repr. 933.

OPINION BY PORTER, J., October 13, 1913:

The plaintiff, a die maker and machinist in the can making department of the defendant company, was injured on June 29, 1909, and subsequently brought this action to recover damages for such injury. He recovered a verdict and judgment in the court below and the defendant company appeals. The only assignments of error refer to the refusal of the court below to give binding instructions in favor of the defendant and the subsequent refusal to enter judgment in favor of the defendant non obstante veredicto.

The can making department of the defendant company employed about 150 people and a variety of machinery was operated therein. This department was in charge of J. M. Henry, who was designated as foreman, and the employees therein were bound to conform to his orders. The plaintiff alleged that his injury was caused by the negligence of said Henry, and that defendant company was liable for the consequences. The defendant does not contend that J. M. Henry was not a vice principal, under the provisions of the Act of June 10, 1907, P. L. 523, if at the time of the accident he was performing duties as a foreman, but claims that the evidence failed to justify a finding that he was executing an "act of superintendence" when plaintiff alleges he negligently did the thing which caused the injury. The evidence would have warranted a finding of the following facts: There was in the department a cap trimming machine which was usually operated by a boy and girl; upon the day in question a number of metal caps became fastened or stuck in this machine and it would have been dangerous for the youthful and unskilled persons who usually operated it to attempt to remove this obstruction; the machine was stopped and the facts were reported to Henry, the foreman, who set about discovering and remedying the defect in the machine. Henry had taken a piece of iron and pushed out some of the caps which had been crushed in the machine.

Henry then called to the plaintiff who was passing near him and ordered him to press two levers, which order the plaintiff obeyed and, while he was doing so, Henry who was looking into the machine, moved his foot, and, without intending to do so placed it on the treadle which started the machine in operation, with the result that plaintiff's hand was injured. The evidence warranted a finding that Henry, at the time of the accident, was not engaged in any manual labor; that, on the contrary, he was merely looking into the machine to observe the effect of the execution of the order which he had given the plaintiff. If this were so Henry was not, at the time of the accident, acting jointly with the plaintiff as a fellow servant in the mere manual labor of repairing the machinery. One of the primary obligations of an employer who uses machinery in his business is to see that that machinery is kept in a reasonably safe condition. In this case a defect had developed in a machine which rendered dangerous its further use by those who operated it, and in order to protect them it was the defendant's duty to discover and remedy the defect; this the foreman was endeavoring to do when he was directing the movements of the plaintiff and when, in order to observe the effect of the execution of his order, he moved and, without intending to do so, negligently placed his foot upon the treadle which set the machine in motion and injured the plaintiff, and under the law his principal is liable for the damages which ensued from the negligent performance of this duty. The case is ruled by Kelly v. Henry Bower Chemical Manufacturing Co., 239 Pa. 555. There was no evidence in the case which tended to indicate that the action of the plaintiff in obeying the order of the foreman to press the levers of the machine involved any danger so long as the machine was not in operation, and the court below would not have been warranted in holding the plaintiff, as a matter of law, guilty of contributory negligence.

The evidence was upon some of the questions material

to the right, of the plaintiff to recover conflicting, but the case was for the jury, and as the specifications of error do not question the manner of the submission they must be dismissed.

The judgment is affirmed.