Turner, Appellant, *v.* Phila. Rapid Transit Co.

Argued October 16, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Earle Hepburn,* for appellant.

*John V. Lovitt,* for appellee.

OPINION BY LINN, J., January 30, 1931:

Plaintiff appeals from judgment for defendant entered notwithstanding the verdict for plaintiff.

While walking across 29th Street on the north side of Thompson Street on a clear morning, plaintiff was struck by a south-bound street car. 29th Street has two sets of car tracks, one for north-bound, and the other for south-bound cars; the nearest rail of the north-bound track is 12 feet from the east curb of 29th Street; the distance from the western most rail to the western curb is also 12 feet; allowing for the two sets of tracks and the space between them makes the width of the cartway perhaps 38 or 40 feet. Plaintiff was crossing 29th Street from the east side, and was struck just as he was stepping over the last rail. When he reached the eastern curb, he looked and saw the car approaching south, about 375 feet away. He started across and, when in the dummy (the space between the north-bound and the south-bound tracks) he looked again and again saw the approaching car.

Judgment for defendant was entered on the ground that the approaching car was then so close to plaintiff that, to continue his crossing, was negligent. We shall therefore refer to the evidence describing the movement of the car. Plaintiff stated that 90 or 100 feet north of the house-line (he was crossing south of the house-line, ''on the line pedestrians walk on'') a wire extended across the street and supported or kept in place, the trolley wire, and that, as the trolley passed under or came in contact with that supporting wire,

it created a flash of light and that he thought that was
"90 feet from the building line;" he also stated several
times that when he looked from where he was in the
dummy, the car was 90 or 100 feet away. In response
to a question suggesting it, he stated that the front
of the trolley was closer to him by almost the length
of the car than the point of the flash. There is no
evidence of the exact length of the car, or of the dis-
tance between the front of the car and the point at
which the trolley would be on the trolley wire in such
circumstances. Though defendant might easily have
proved the fact, the record is left with the "guess" of
its motorman that the trolley car was 70 feet long;
we think and the jury may also have thought that
estimate quite excessive. The verdict of course estab-
lishes negligence in defendant; the car was not stopped
until it moved 25 feet southward after striking plain-
tiff.

The more we study the evidence, the greater our
doubt of the facts becomes; as contributory negligence
is to be declared as matter of law only in clear cases,
(Shaffer v. R. R. Co., 258 Pa. 288, 292), we may not
on this record hold that the evidence established that
plaintiff was testing a danger; that the testimony of
another witness called by plaintiff showed obvious
contributory negligence is not conclusive against the
plaintiff, because he did not have the burden of prov-
ing that his conduct did not contribute to the accident:
Ely v. Rwy. Co., 158 Pa. 233, 238; Milligan v. R. R.
Co., 261 Pa. 344, 349. We think the learned trial judge
was right in sending the case to the jury to find the
facts, and that the court in banc was wrong in setting
aside the verdict and in entering judgment for de-
fendant; see Murphy v. P. R. T. Co., 285 Pa. 399, 401.
This plaintiff was not, as in Uhlig v. P. R. T. Co.,
287 Pa. 586, cited by appellee, struck "the instant he
set foot between the rails."

Judgment reversed and record remitted with instructions to enter judgment on the verdict.