## Tancredi v. M. Buten & Sons, Appellant.

Argued May 25, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Samuel B. Fortenbaugh, Jr.,* with him *William K. Given, Jr.,* and *Shields, Clark, Brown & McCown,* for appellant.

*John V. Horan,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 30, 1944:

This is an action of trespass for the recovery of damages incurred by the plaintiff as consequence of personal injuries suffered on June 16, 1942, the result of alleged negligence of the driver of an automobile belonging to the defendant. The defendant presented its motion for compulsory nonsuit and also a point for binding instructions. Both were refused, and a verdict was returned for the plaintiff in the sum of $9,520. The defendant thereupon filed its motion for judgment n. o. v. This was later refused and judgment was entered on the verdict. This appeal followed. The plaintiff was 60 years of age. At the time of his injury he was a sub-

foreman, working for the City of Philadelphia on its streets. The locus of the accident was at 58th Street south of its intersection with Florence Avenue in Philadelphia. This street extending north and south contains two car tracks. It is 40 ft. wide from curb to curb, and the distance from each curb to the nearest car track is 12 ft. 4 in.; the width of the car tracks themselves is 5 ft. 2¼ in.; between the tracks is a "dummy," 5 ft. in width. Florence Avenue is an east and west street with "stop" signs just before 58th Street is reached. This avenue is 44 ft. in width with sidewalks on each side. The plaintiff was injured while crossing 58th Street from the east to the west side, approximately opposite 1614 South 58th Street.

On the morning of June 16, 1942, the plaintiff while at work felt it necessary for him to telephone his superiors for instructions. He boarded a city truck and sought to find a telephone at three or four different points in the vicinity of the corner of 58th Street and Florence Avenue. He did not succeed in this, and a city truck was driven for him north on 58th Street and parked by the driver on the east side of 58th Street facing in a northerly direction at a point approximately 75 ft. south of the intersection of Florence Avenue and 58th Street, at the southerly side of a driveway leading into a gas station on the southeast corner of Florence Avenue and 58th Street. Finding no telephone in the gas station, plaintiff then returned to the truck, walking south on 58th Street to a point 8 or 10 ft. behind the truck. He then noticed a cigar store at 1614 South 58th Street displaying a telephone sign. He then decided to cross 58th Street from the east side to enter the cigar store to make his telephone call. He said he looked both north and south on 58th Street before entering into the roadway but was unable to see to the north at this time as the city truck parked along the east curb of 58th Street obstructed his view to the north. Neither did he see any traffic coming from the south. He walked about

12 feet across 58th Street until he reached a point flush with the track when, he said, he again looked north and south along 58th Street. He said he was at this time east of the eastern rail of the northbound car track. After having made his observation of traffic he continued seven or eight feet further across 58th Street until he was in the middle of the "dummy" between the car tracks. At this time he did not see any traffic coming from the south along 58th Street, but he did see defendant's truck proceeding in a southerly direction on 58th Street somewhere between the northern curbline of Florence Avenue and Pentridge Street, i.e., between 172 and 447 feet distant. At this time the truck, according to the plaintiff's testimony, was nearly half way between Florence Avenue and Pentridge Street. He was not able to estimate the speed of the truck. The defendant's truck was about 300 ft. away.

Holmes, the driver of the city truck, who testified for the plaintiff, said that in his judgment the defendant's truck was proceeding at about 40 miles per hour, and that the plaintiff looked up when he reached the "dummy," and he, the witness, thought that the defendant's truck was then at the corner of Florence Avenue and 58th Street at or about the north curb of Florence Avenue, which would be 172 feet from the point of the accident. He said that the defendant's truck had decreased its speed to about 30 miles per hour when it reached the corner of Florence Avenue and 58th Street. The plaintiff then continued across the street five feet more. The next time he made an observation he was in the middle of the southbound car track on the west side of 58th Street, that is, close to the western rail of that track. Both he and Holmes testified that he was in the "dummy" when he looked prior to entering the western car track. He was in the western car track when he looked again. At this point plaintiff saw defendant's truck not more than ten feet away. He jumped toward the western curb of 58th Street and then defendant's

truck hit him with its right front fender or the right side of its bumper and threw him to the pavement. He testified on cross examination that he thought the truck would stop at Florence Avenue because at that point generally drivers stopped or "mostly go easy." The plaintiff suffered compound fractures of the right leg at a point about four inches below the right knee causing a permanent partial disability. No questions are raised as to the nature and extent of the damages suffered by the plaintiff.

The court below would not have been justified in declaring this plaintiff guilty of contributory negligence as a matter of law unless his negligence was so palpable that there was no room for fair and sensible men to differ in their conclusions as to it. See *McCracken v. Curwensville Boro*, 309 Pa. 98, 114, 163 A. 217. In *Smith v. Wistar*, 327 Pa. 419, 194 A. 486, we held that a pedestrian cannot be adjudged negligent as a matter of law when she "already engaged in crossing the street was justified in believing that passing motorists would have due regard for her safety." In *Maselli et al. v. Stephens*, 331 Pa. 491, 220 A. 2d 590, we held that the failure of a plaintiff to exercise the best judgment in the face of an emergency not created by his own antecedent negligence is not contributory negligence as a matter of law. We cannot say that *this* plaintiff was guilty of "antecedent negligence" in attempting to cross the street at the point he selected. That in spite of the defendant's negligence in running him down he almost succeeded in crossing safely is proved by the fact he was struck up by the right side of the bumper of defendant's truck. If he had been a few inches near the curb he was approaching he would not have been struck.

In *Anderson v. Wood*, 264 Pa. 98, 107 A. 658, this court said: "Where a pedestrian traverses a public highway between the regular crossings, he is bound to a high degree of care: *Virgilio v. Walker & Brehm*, 254 Pa. 241. 'Pedestrians are not restricted to the use of established

street crossings when they attempt to pass from one side of the street to the other. They have a right to pass at whatever point they elect": *Watts v. Plymouth Borough*, 255 Pa. 185-188. A pedestrian cannot be held to be negligent by the court, as a matter of law, when he attempts to cross a street between the regular crossings, but in exercising this right he must have due regard to the conditions of the traffic before he enters the cartway. If he deliberately attempts to cross the street when vehicles are rapidly approaching close by, and injury results, ordinarily, he will be chargeable with such carelessness as to prevent a recovery of damages; but, having observed the traffic, and it being far enough away that a pedestrian using due care would deem it safe to go across in front of the approaching traffic, he is under no fixed duty to look back; though the circumstances may be such that in the exercise of due care it would become his duty to so look and it would be negligence for him to disregard it. . . . Having, without fault on his part, committed himself to the act of crossing, it became the duty of appellant to so control his car as to do no injury to the pedestrian, who was on the cartway a sufficient length of time to be seen, the driver of the car being far enough away to bring his machine under control. This the driver did not do, and his neglect caused the accident."

Whether or not this appellant's negligence also contributed to this accident was, under the circumstances, a question for the jury. His negligence was not so clear as to justify its being declared as a matter of law. The conclusion we have reached is supported by the decisions of this court in *McClellan v. Fox*, 318 Pa. 433, 177 A. 823; *Wagner v. Philadelphia R. T. Co.*, 252 Pa. 354, 97 A. 471; and *Jackson v. Curry*, 117 Pa. Superior Ct. 63.

In *Turner v. Philadelphia R. T. Co.*, 100 Pa. Superior Ct. 291, which was a case in which a pedestrian crossing the street was struck by a street car, the Superior Court reversed the judgment of the court below setting aside

a verdict for the plaintiff, and said in an opinion by Judge LINN: "Contributory negligence is to be declared as matter of law only in clear cases (*Shaffer v. R. R. Co.,* 258 Pa. 288, 292), we may not on this record hold that the evidence established that plaintiff was testing a danger." We so find here.

The judgment is affirmed.