Verna *v.* Lopresti, Appellant.

Argued March 14, 1945.   Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Edward J. Fox, Jr.,* with him *Fox & Oldt,* for appellant.

*George F. Coffin, Jr.,* with him *George C. Laub,* for appellee.

OPINION BY HIRT, J., April 16, 1945:

In this action by a widow-plaintiff for the death of her sixteen-year-old son, the verdict was for her in the sum of $1,500. Defendant's appeal is from the refusal of judgment n. o. v. in his favor.

The boy was employed by defendant, an experienced farmer, to help him harvest a field of oats. For the purpose, defendant used a tractor attached to a combination mowing and threshing machine referred to as a *combine.* The machine weighed about a ton and one-half and a part of it was eleven feet high. Five feet above the ground there was a platform with a guard rail, upon which the operator must stand in attaching an empty bag to a device to receive the grain from the thresher; to remove and tie the bag when full, and to deposit it in a chute running down from the platform. The full bags did not drop to the ground from the chute until released by the operator. On the day in question defendant operated the tractor and by means of it drew the combine to the field with the boy on the platform. The upper part of the field was comparatively level but a part of it, curving around one end, was a steep hillside on an angle of between 35 and 45 degrees. Defendant made one circuit of the outside of the field with the combine drawn by the tractor; on the second time around, the combine overturned on the curve down the hill and came to rest upside down with the boy crushed underneath it. He died almost instantly.

Defendant is chargeable with negligence. He had operated the combine for four years and was familiar with it. It was a cumbersome piece of machinery and defendant knew of the danger of operation on hilly ground. There were skid marks of the tractor thirty feet in length on the hillside leading to the spot where

the tractor came to a stop after the accident. The difficulty which defendant had in negotiating the curve with the tractor on the steep decline, was notice to him of the probability that the top-heavy combine might overturn from the same cause. He testified that he did not know whether the boy was on the platform at the time, but he did not turn his head to see. A master must provide his servant with a reasonably safe place to work (*Kelly v. Henry Bower C. Mfg. Co.*, 239 Pa. 555, 86 A. 1100) and keep it so under varying conditions if within his control. Defendant, with knowledge of the limitations on safe use of the machine, was negligent in exposing the boy to danger by operating it on hilly ground.

But even so, appellant contends that plaintiff is barred because the boy violated instructions given him as to the manner of performing the work; that he assumed the risk of his employment; and in general was guilty of contributory negligence. The same considerations have a bearing on all of these questions.

Defendant testified that he had warned the boy of the danger and instructed him not to ride on the combine but to walk behind it, and also to discharge each bag from the chute as it was filled. How he expected the boy to release the full bags except from the platform, does not appear. Of course an employee must obey all reasonable instructions of his employer. Restatement, Agency, §385. But this testimony was not elicited from defendant as on cross-examination; it was developed by defendant on direct examination and plaintiff is not bound by it. Whether five bags of grain were allowed to accumulate in the chute, increasing the weight on the low side of the machine, as appellant contends, was not conclusively established. The bags of grain, or some of them, found on the ground near the overturned machine may have been discharged in the course of the first circuit of the field. Nor is there evidence that their added weight in the chute would have

contributed to the happening of the accident. Moreover whether these or any instructions were given, depending as it does on oral testimony though uncontradicted, was for the jury. *Hartig v. American Ice Co.,* 290 Pa. 21, 137 A. 867; *Nanty-Glo Boro. v. Amer. Surety Co.,* 309 Pa. 236, 163 A. 523. The verdict establishes that the above instructions were not given or, if they were, that they were not violated. The boy's duty was to bag the grain, which could be done only while standing on the platform; there is no evidence that he was not so engaged at the time of the accident.

"It is only in a clear case that the question of assumption of risk is one of law for the court. Where there is doubt as to the facts or as to inferences to be drawn from them, it becomes a question for the jury": *Moseley v. Reading Co.,* 295 Pa. 342, 145 A. 293. To preclude a recovery on the ground of assumption of risk "it must appear that the employee knew and appreciated or should have known and appreciated the danger to which he was exposed; and in case of doubt that is for the jury": *Falyk v. Penna. R. R. Co.,* 256 Pa. 397, 100 A. 961. Because of the boy's inexperience, in the present case, he cannot be charged with knowledge of the perils attending his employment. Assumption of risk therefore does not operate as a bar to recovery as a matter of law. *Flaherty v. Construction Co.,* 243 Pa. 580, 90 A. 342.

The question of contributory negligence also was clearly for the jury. Because of the boy's death plaintiff was aided by the presumption that he exercised due care. *Schmidt v. Phila. & R. Ry. Co.,* 244 Pa. 205, 90 A. 569. Although the boy was familiar with general farm work, his experience on the combine was limited. He had worked on it the morning of the accident in another field and for a short period several weeks before. He had no control over its operation. Speed, direction and the course of its use were determined by defendant who operated the tractor. Conditions beyond the boy's

control, but affecting his employment, constantly varied. Where, as here, circumstances and physical conditions are relied on to rebut the presumption of due care, and different inferences may be drawn therefrom, the question of contributory negligence is for the jury. There is no evidence so conclusively overcoming that presumption as could have justified the court in declaring that the boy was negligent as a matter of law. *Michener v. Lewis,* 314 Pa. 156, 170 A. 272. On the contrary there was room for fair and sensible men to differ in their conclusions; the question therefore was for the jury. *Tancredi v. M. Buten & Sons,* 350 Pa. 35. 38 A. 2d 55.

Judgment affirmed.