## Burton *v.* Morvay, Appellant.

Argued March 20, 1945. Before MAXEY, C. J., DREW, LINN, PATTERSON and JONES, JJ.

*Franklin B. Hosbach,* with him *Hosbach & Good,* for appellant.

*John B. Brooks, Brooks, Curtze & Silin* and *Francis F. McClintock,* submitted a brief for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 9, 1945:

This is an action in trespass for damages for personal injuries sustained by H. P. Burton, a pedestrian, who, while crossing Market Street in Union City, Pennsylvania, between intersections, was hit by the truck of William Morvay, appellant. This case has previously been before this Court, and in 348 Pa. 113 we affirmed the order of the court below awarding a new trial. Upon a retrial of the case the jury failed to agree. This appeal is from the order of the court below dismissing appellant's motion for judgment on the record and awarding a new trial.

On December 5, 1940, about 5:45 P. M., H. P. Burton parked his pick-up truck on the south side of Market Street in Union City at a point approximately 200 feet east of the nearest intersection. After adjusting an end gate he observed traffic and proceeded diagonally across the street, intending to go into Costello's grocery store, situated in a northwesterly direction from where he had parked his truck. As he started across he looked but saw nothing to prevent him from successfully crossing the street. Although the street at the time was bare in the center, parts were covered with snow and ice. It was, however, well lighted. After proceeding to the middle of the street he again observed traffic and saw automobile lights approximately 300 to 350 feet away. He was uncertain whether the lights were those of a moving or parked vehicle. He continued to within three or four feet from the curb when he was struck from the rear by the left front fender of defendant's truck and thrown to the sidewalk, sustaining the injuries complained of. After striking appellee, appellant's truck

crashed into the rear end of a car owned by one Treat, denting the trunk, breaking the left rear fender, and forcing the car forward and out of line. The truck stopped ten to fifteen feet from the point of the accident after having run over the curb and onto the sidewalk.

Appellant testified that he had driven his truck out of an intersection into Market Street and was proceeding at a speed of from four to six miles an hour when he saw appellee and sounded his horn but appellee, disregarding said warning, continued to cross. In an attempt to avoid striking him Morvay turned to his left, at which time his steering apparatus became useless, and his truck proceeded in a northwesterly direction, striking the appellee from the rear, crashing into the automobile of Treat, and running up over the curb. The truck had been purchased in 1940 and had recently passed the state vehicle inspection.

Appellant contends that appellee (1) has failed to adduce evidence of negligence, and (2) was guilty of contributory negligence as a matter of law. The evidence, if believed by a jury, is sufficient to sustain the allegations in the statement of claim, to wit, "That at the time of the happening of the accident defendant did not have control over it [the truck] and was negligent and careless in its operation and that his negligence, carelessness and lack of care under the circumstances and the defective condition of the truck was the cause of the accident."

This Court has recently reviewed the law pertaining to the degree of care to be exercised by pedestrians crossing streets between intersections in *Tancredi v. M. Buten & Sons*, 350 Pa. 35. The evidence here is not so clear and convincing that a court would be required to declare as a matter of law that appellee failed to exercise reasonable care for his own safety when, after having observed traffic in the middle of the street and having assured himself of his safety, he continued to cross. Whether he was guilty of contributory negligence was a fact to

be determined by a jury. Certainly his negligence was not "so palpable that there was no room for fair and sensible men to differ in their conclusions as to it": *Tancredi v. M. Buten & Sons*, supra, 39; *McCracken v. Curwensville Boro.*, 309 Pa. 98, 114.

The order of the court below is affirmed.