## Litz *v.* Zoeller, Appellant.

Argued April 10, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Sanford M. Chilcote*, with him *Dickie, Robinson & McCamey*, for appellant.

*Ben Paul Jubelirer*, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, May 22, 1950:

Plaintiff brought this action in trespass to recover for personal injuries sustained when he was struck by an automobile, driven by defendant, while crossing the intersection of Fifth Avenue and Robinson Street, Pittsburgh, at 7 o'clock A.M. on January 3, 1947. A jury returned a verdict for plaintiff in the sum of $3500.00 and judgment was entered thereon after a dismissal of defendant's motion for judgment n. o. v. This appeal followed.

The locus in quo is an unusual right angle intersection. Fifth Avenue runs generally east and west and is traversed by double street car tracks. At the Robinson Street intersection Fifth Avenue, as it extends westwardly, curves off sharply to the left from a straight run of approximately a city block and proceeds in a southwestwardly direction for a short distance before resuming its west running course. Robinson Street enters Fifth Avenue from the north a very short distance west of the commencement of this curve. Although it does not cross Fifth Avenue, there is a pedestrian crossing from the north curb of the intersection to the south side of Fifth Avenue. The street car tracks follow the curve of Fifth Avenue by closely paralleling the south curb line. The north curb of Fifth Avenue, however, continues in a straight line to the eastern edge of Robinson Street. From the western edge of Robinson Street the north curb line turns gradually to the left until it is once again parallel to the street car tracks. This has resulted in a paved pedestrian crossing of considerable

width. From the north curb line of Fifth Avenue at Robinson Street to the nearest rail of the curving westbound tracks is a distance of 70 feet. The width of the tracks is 15.2 feet and from the south rail of the eastbound track to the southern curb line of Fifth Avenue is 34 feet. The total distance of the crossing at the scene of the accident is therefore 119.2 feet from curb to curb.

At 7 o'clock on the morning of January 3, 1947, defendant was driving west on Fifth Avenue at a speed of 45 to 50 miles per hour. Plaintiff had entered the pedestrian crossing at the Robinson Street intersection and had proceeded to within approximately 20 feet of the nearest rail of the west bound tracks when he saw. defendant's automobile for the first time approaching him from a distance of 300 to 350 feet. Although the car did not show any lights the visibility was such that plaintiff experienced no difficulty in seeing it. Plaintiff continued to cross, looking alternately east and west, but paying particular attention to the car of defendant as it came towards him from the east. When he reached the middle of the westbound street car tracks plaintiff, realizing that defendant was following the course of the tracks and was about to strike him, broke into a run in a futile attempt to escape. Defendant's efforts to stop were unavailing and his car struck plaintiff.

In contending that plaintiff is guilty of contributory negligence as a matter of law, defendant has called our attention to *Watson v. Lit Brothers,* 288 Pa. 175, 135 A. 631, and *Schroeder v. Pittsburgh Rys. Co.,* 311 Pa. 398, 165 A. 733, which are representative of a number of cases cited in his brief. These however are clearly distinguishable on their facts from the instant case. In *Watson v. Lit Brothers,* supra, this Court, citing *Grein v. Gordon,* 280 Pa. 576, 124 A. 737, as authority for the proposition that a pedestrian who suddenly steps in front of a moving car is negligent held plaintiff guilty of contributory negligence when it found that: "The

deceased came suddenly into the cartway when the truck [of defendant] was only five or ten feet away." In the instant case plaintiff had not stepped suddenly in front of defendant but had been visible to him from a distance of 300 to 350 feet. In *Schroeder v. Pittsburgh Rys. Co.*, supra, plaintiff was held contributorily negligent when she stepped from a place of safety into a position in front of an oncoming street car. The holding there and in similar cases involving collisions between pedestrians and street cars is clearly not applicable to the facts in the instant case. For, as this Court said in *Lamont v. Adams Express Co.*, 264 Pa. 17, 21, 107 A. 373: "As an automobile can change its course at pleasure, the pedestrian's duty of avoiding its path is less exacting than in case of a locomotive or trolley car confined to a track."

The fact situation in the present case is analogous to that in *Tancredi v. M. Buten & Sons*, 350 Pa. 35, 38 A. 2d 55. There plaintiff, while attempting to cross a street in Philadelphia which ran north and south and had a double set of street car tracks upon it, was struck by defendant's truck. Plaintiff, crossing from east to west, first saw the truck approaching from the north when it was approximately 300 feet from him and proceeding at a speed of 30 to 40 miles per hour. He was then standing in the middle of the northbound trolley tracks but continued crossing because he thought the truck would stop at the intersection it was then approaching which was 172 feet from where he stood. Plaintiff had moved on to the middle of the southbound track before he again looked in the direction of the defendant's truck. By that time the truck had reached a point not more than 10 feet from plaintiff and, despite his efforts to clear it, the truck hit him with its right front fender and threw him to the pavement. In speaking for this Court, Chief Justice MAXEY said: "The court below would not have been justified in declaring this

plaintiff guilty of contributory negligence as a matter of law unless his negligence was so palpable that there was no room for fair and sensible men to differ in their conclusions as to it. See McCracken v. Curwensville Boro., 309 Pa. 98, 114, 163 A. 217. In Smith v. Wistar, 327 Pa. 419, 194 A. 486, we held that a pedestrian cannot be adjudged negligent as a matter of law when she 'already engaged in crossing the street was justified in believing that passing motorists would have due regard for her safety.' In Maselli et al. v. Stephens, 331 Pa. 491, 220 A. 2d 590, we held that the failure of a plaintiff to exercise the best judgment in the face of an emergency not created by his own antecedent negligence is not contributory negligence as a matter of law. We cannot say that *this* plaintiff was guilty of 'antecedent negligence' in attempting to cross the street at the point he selected . . . Whether or not this appellee's negligence also contributed to this accident was, under the circumstances, a question for the jury. His negligence was not so clear as to justify its being declared as a matter of law."

In the instant case plaintiff, walking in a pedestrian crossing, had advanced into approximately the middle of Fifth Avenue before he perceived, some 300 or more feet distant, the swiftly moving car of defendant. At that moment it had not yet entered the curve on Fifth Avenue but was following the westbound trolley car tracks on a course which, if adhered to by defendant, would have caused his car to pass over approximately the very spot upon which plaintiff then stood. Thinking the driver, upon entering the curve, would turn off the tracks and, by following the more moderate arc of travel afforded by the unusual width of the intersection, safely pass behind him, plaintiff continued towards the eastbound traffic lane which was then devoid of all vehicles. During the three or four seconds he required to reach the middle of the westbound tracks, plaintiff watched defendant's automobile continually for an in-

dication of a change of direction. Defendant, however, persisted in following the tracks and plaintiff, realizing this a moment before he was hit, started to run, but was unable to avoid defendant's automobile. In *Tancredi v. M. Buten & Sons,* supra, plaintiff, who did not use a pedestrian crossing but entered the street near the middle of the block, did not turn back after noticing the oncoming truck because he thought it would stop at a distant intersection where motorists customarily stopped or "mostly go easy". Plaintiff, in the present case, continued crossing because he believed defendant would remain on his original course and pass behind him where there was admittedly more than sufficient road to accomplish a safe passage. We cannot say, under the circumstances, that plaintiff acted so unreasonably as to be guilty of contributory negligence as a matter of law.

The question of plaintiff's contributory negligence was properly submitted to the jury and the facts do not warrant a setting aside of its findings. Defendant's motion for judgment n. o. v. was correctly dismissed by the court below.

Judgment affirmed.