## McNair v. Chapman

*T. C. Cochran*, for plaintiff.

*John Q. Stranahan*, for defendant.

McKAY, J., February 1, 1957.—This case, an action in trespass to recover for personal injuries, is before the court en banc upon a motion by defendant, Ed Chapman, for a judgment n. o. v., following a verdict in favor of plaintiff for $2,500. The sole question before the court is whether the evidence discloses that plaintiff was guilty of contributory negligence as a matter of law.

On December 14, 1953, plaintiff purchased a pig at the New Wilmington Livestock Auction in New Wilmington Township, Mercer County. He received a memorandum of his purchase from the salesman at the sales pit in the center of the long building which houses the auction and proceeded with his wife in their truck to the southern end of the building for the purpose of obtaining the pig and loading it on the truck. There his wife, who was driving the truck, parked it temporarily in the yard at a short distance south of the building until there would be room for her to back the truck up to the loading platform. While there was room at the loading platform for five trucks, the entire space was then occupied by trucks of other customers. The middle of the five trucks was the one owned by defendant, Ed Chapman, who was then on the platform loading animals which he had purchased.

Plaintiff left his truck and walked northwardly toward the auction building, intending to deliver his purchase slip to the employe on the loading platform. He came to the row of trucks and proceeded between defendant's truck and the truck immediately west of

it. The space between the two trucks was narrow, being about two feet in width, so that he had to walk sideways. As he passed the cabs of each of the two trucks, he looked inside them to see if they were occupied and found them both vacant. He then continued his path between the trucks toward the loading platform. When he reached a point about five or six feet from the platform, defendant, who had meanwhile come from the loading platform along the east side of his truck and entered the cabin of it, started his truck, moved it first straight forward and then turned it sharply to the left. He thereby caused the rear portion of the truck to swing to the right or west where plaintiff was. This movement pressed plaintiff's body against the truck which was immediately to the west, and caused the injuries out of which the present action arose.

There was another approach which plaintiff could have used to accomplish his mission with the attendant at the loading platform. He could have walked around all of the trucks to the right or east of them and proceeded northwardly a slight distance to a door on the east side of the south portion of the auction building which led into a calves' pen where calves are kept and ear-tagged. He could then have walked through this pen to a walkway and thence to his destination at the loading platform. Generally, for eight years, to plaintiff's knowledge, customers at the auction who intended to deliver their purchase slips to the attendant, obtained their purchased animals and loaded them at the loading platform, waited in the cabin of their trucks until there was room to back up to the platform and then got out of the cabin and walked between the parked trucks to the platform. It was not the custom for them to take the round-about course through the side door and the calves' pen.

The question raised by defendant in the present motion is a narrow one. His position is that plaintiff, having the choice of walking around the trucks and reaching the loading platform by means of the side door and through the calves' pen, had instead chosen a more dangerous course by walking directly to the platform between two parked trucks. Defendant's contention is that plaintiff thus brought himself within the well-recognized rule of law which has been stated as follows:

". . . where a person, having the choice of two ways, one of which is safe, while the other is subject to risks and dangers, voluntarily chooses the dangerous way and is injured, such person is guilty of contributory negligence and cannot recover": Tharp v. Pennsylvania Railroad Co., 332 Pa. 233 (1938).

The difficulty with this position is that it is not sufficiently clear that the course taken by plaintiff in the present case was a dangerous one. Certainly it was not necessarily a dangerous one for, under the evidence, if defendant had continued to operate his truck forward in a straight course, the way it was headed when plaintiff started to walk between the trucks, plaintiff would not have been injured. Plaintiff realized the possible danger of the position he was in if the truck were to start up and turn, and only entered the passage between the trucks after he first ascertained that no one was in the driver's seat. If defendant had noticed plaintiff walking between the trucks, or had given any warning of his intention to enter his cab, start the truck suddenly and move it out of its course, there would have been no accident. Plaintiff was not bound to anticipate such a sudden, unannounced act of negligence on defendant's part. At least, we could not hold that his failure to anticipate defendant's negligence was an act of negligence on plaintiff's part as a matter of law.

For this reason, there is no support for the contention that plaintiff was guilty of contributory negligence as a matter of law in choosing the course which he took in going to the loading platform. He took the customary way, which was usually a safe approach to the loading station from the south yard, when he walked directly to the loading platform between the trucks which were parked at the platform.

Defendant has cited the case of Reid v. Pennsylvania Railroad, 121 Pa. Superior Ct. 37 (1936), as authority for his position. In that case plaintiff, an employe of a dairy company, parked a milk truck near a loading dock in such a manner that part of the truck extended over the tracks when there were freight cars standing on the track about three or four feet away from the truck. While plaintiff was unloading the milk, the freight cars unexpectedly moved forward, causing plaintiff to be pinned between the truck and the cars, and to receive serious injuries. Following a verdict for plaintiff, the Supreme Court sustained a judgment n. o. v. entered by the lower court for defendant.

The Reid case is readily distinguishable from the present case, however, in that, in the former, plaintiff parked his truck in the pathway of cars on a fixed track, which would strike his truck if moved. This was a place of obvious danger when there was other parking space available which was safe. There is no analogy between those facts and those in the case before us where plaintiff walked between trucks parked parallel with each other so that the only danger arose when defendant turned his truck out of its expectable course of a straight line forward.

Plaintiff also cites the case of Tharp v. Pennsylvania Railroad, supra, in which plaintiff crossed defendant's railroad tracks at a baggage crossing when an overhead bridge was available to him and was injured when struck by a train. Obviously, those facts created a

situation where plaintiff voluntarily chose a dangerous course when the safe course by way of the overhead crossing was available to him.

Defendant contends that the fact that plaintiff proceeded on foot up to and between the trucks instead of waiting in his truck until he could back up to the loading platform made his conduct in walking between the parked trucks contributory negligence. Defendant thereby impliedly concedes that had he stayed in the cab of his truck until he backed up to the loading platform and then walked between his truck and the adjoining truck, he would not have been negligent. We are unable to see what difference it makes whether plaintiff got out of his truck and walked between it and an adjoining truck to the platform or walked between two trucks parked parallel with each other for the entire length of the trucks.

In our opinion, the question of contributory negligence was for the jury and not for the court. To enter judgment for a defendant non obstante veredicto requires evidence of contributory negligence which is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions: Elbell v. Smith, 357 Pa. 490. The present case is not of that type.

### Order

Now, February 1, 1957, the motion for judgment non obstante veredicto is overruled and it is directed that judgment be entered in favor of plaintiff upon the verdict.

### Exception

And now, February 1, 1957, to the foregoing order of court counsel for defendant excepts, and eo die, a bill of exceptions is sealed for defendant.